CK:AMC
F.#2010R00640

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# M10-1079

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

STEPHEN D. TRIPODI,

         Defendant.

- - - - - - - - - - - - - - - - -X

FILE UNDER SEAL

C O M P L A I N T

(29 U.S.C. §§ 186(a)(1),
 (b)(1) and (d)(2);
 18 U.S.C. § 2)

EASTERN DISTRICT OF NEW YORK, SS:

LAVALE JACKSON, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Labor ("DOL"), Office of Inspector General, Office of Labor Racketeering and Fraud Investigations, duly appointed by law and acting as such.

Upon information and belief, on or about and between April 18, 2008 and May 29, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEPHEN D. TRIPODI, being a representative of an employer's employees who were employed in an industry affecting commerce, did knowingly and intentionally request, demand, receive and accept, and agree to receive and accept, payments, loans, and delivery of money and other things of value in excess

of $1,000, from that employer and persons acting in the interest of that employer.

(Title 29, United States Code, Sections 186(a)(1), (b)(1) and (d)(2) and Title 18, United States Code, Section 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent of the United States Department of Labor, Office of Inspector General, Office of Labor Racketeering and Fraud Investigations, for more than three years. My responsibilities include, among other things, (a) identifying and reducing labor racketeering and corruption in employee benefit plans, labor management relations and internal union affairs, and (b) detecting and deterring fraud, waste and abuse in DOL programs.

2. I am familiar with the information contained in this affidavit based on (a) my personal knowledge, (b) information provided to me by other law enforcement agents, (c) interviews with witnesses, (d) my review of documents and records, and (e) physical surveillance.[2]

---

[1]   Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2]   The documents and records I have reviewed include, but are not limited to, documents and records maintained by the union identified herein as Trucking Union Local A, and also records, including bank records, for various companies that are discussed below.

2

3.    Beginning in August 2009, DOL began an investigation into labor practices by certain union and non-union trucking companies located in New Jersey and operating at times within the Eastern District of New York.   The investigation has revealed, and as described in more detail below, that the defendant STEPHEN D. TRIPODI, while acting as a union representative for employees of a trucking company improperly received more than $1,000 from an individual who controls that company.   The investigation revealed that TRIPODI opened his own smaller trucking company and through that company received thousands of dollars from that individual.

4.    On or about and between April 18, 2008 and May 11, 2010, both dates being approximate and inclusive, the defendant STEPHEN D. TRIPODI, served as a union steward for a trucking union ("Trucking Union Local A").   A union steward's responsibilities include representing other union members with their employers on labor relations issues.

5.    At all relevant times; the defendant STEPHEN D. TRIPODI, worked in his capacity as a union steward at Trucking Company #1.   Trucking Company #1 maintained its fleet of heavy-duty trucks and its business office at 123 Howard Boulevard in Ledgewood, New Jersey, and employed truck drivers who were members of Trucking Union Local A ("Employee-Members").   Trucking Company #1 records I have reviewed and information provided by

witnesses indicate that the Employee-Members regularly drove
trucks for Trucking Company #1 on jobs located in Bronx, New
York, Staten Island, Nassau and Queens counties in New York.
John Doe incorporated Trucking Company #1 in 2006.

6. At all relevant times, Trucking Company #1 was a
party to a collective bargaining agreement ("CBA") with Trucking
Union Local A. On or about June 1, 2007, John Doe, as President
of Trucking Company #1, signed the CBA between Trucking Company
#1 and Trucking Union Local A. This CBA was a contract between
Trucking Company #1 and Trucking Union Local A specifying, among
other things, (a) hourly wages Trucking Company #1 was obligated
to pay Trucking Company #1's Employee-Members, and (b) additional
payments, determined by the number of hours Trucking Company #1
Employee-Members worked, that Trucking Company #1 was obligated
to pay to Trucking Union Local A funds that provide benefits such
as health and disability insurance.

7. Trucking Company #2 is a trucking company that
also maintains its fleet of heavy-duty trucks and its business
office at 123 Howard Boulevard in Ledgewood, New Jersey.

8. According to witnesses, including a union
official, more than ten truck drivers employed by Trucking
Company #1 and Trucking Company #2, and another employee who
works for John Doe, John Doe exercises administrative and

4

ownership control over both Trucking Company #1 and Trucking
Company #2.$^{3/}$

9.    Trucking Company #3 is a trucking company owned by
the defendant STEPHEN D. TRIPODI.   STEPHEN D. TRIPODI is a
signatory of a TD Bank account in the name of Trucking Company
#3.

10.    By thirty-five checks dated April 18, 2008 to May
29, 2009, the defendant STEPHEN D. TRIPODI, received payments
from Trucking Company #2 totaling $21,081.48 in checks that were
deposited into the above-mentioned TD Bank account in the name of
Trucking Company #3.

WHEREFORE, your deponent respectfully requests that an
arrest warrant be issued so the defendant STEPHEN D. TRIPODI, may

_____

$^{3/}$    In addition to the above-listed witnesses, I have reviewed
documents for the relevant time period including but not limited
to bank records for Trucking Company #1 and Trucking Company #2,
a stock certificate for Trucking Company #2, corporate
correspondence by Trucking Company #1 and Trucking Company #2,
and documents related to the sale of trucks in the State of New
Jersey, in all of which John Doe represents himself to have
authority to act on behalf of both Trucking Company #1 and
Trucking Company #2.

be dealt with according to law, and that this complaint and the
warrant be filed under seal.

LAVALE JACKSON
Special Agent
U.S. Department of Labor
Office of Inspector General

Sworn to before me this
18th day of September, 2010